WIEDNER, Respondent, vs. NATIONAL FISHERIES COMPANY, Appellant.

*February 10—March 8, 1921.*

*Frauds, statute of: Sales: Part performance: Telegrams between offerer and his agent: Sufficiency.*

1. An allegation in the complaint of the seller of a carload of fish that the defendant buyer refused to accept the car involved after it was partly loaded, or to pay for it, negatived part performance of the contract of sale.
2. A telegram to his principal from the agent for defendant, the alleged buyer of the fish from plaintiff, that he could buy the fish for twelve cents and had offered eleven and one-half, and that a $500 deposit was demanded, and a reply from defendant to pay a half cent more if necessary, that the $500 was wired, and to ship the car on a given date, are *held* not to show, taken together, a completed contract in writing, satisfying the statute as to the price agreed on, since to reach the conclusion that the price was twelve cents a pound recourse to parol testimony that the contents of the buyer's telegram were conveyed to plaintiff is necessary.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Reversed.*

Action to recover damages for the breach of a contract for the purchase of a carload of fish. The complaint contains appropriate allegations showing that the contract was entered into in this manner: On December 16, 1919, defendant sent a telegram to plaintiff saying, "Mr. Mack, our representative, is expected to call to see you Wednesday." January 20, 1920, Mack sent this telegram to defendant: "Can buy *Wiedner's* fish for twelve cents. Have offered eleven and one-half. Five hundred dollars deposit demanded." January 21, 1920, defendant telegraphed Mack: "If necessary pay one half cent more. Five hundred dollars wired. Ship car on 23d;" and on the next day it wired him, "Have not sent funds yet. Try cancel *Wiedner* shipment for this week." The complaint alleges that the contents of the telegram of January 21st from defendant to

Mack was orally communicated to plaintiff; that he prepared and had the fish ready for shipment on the 23d; that defendant refused to receive it, to his damage in the sum of $535.50, and that the total value of the carload at twelve cents per pound was $3,213 in addition to cost of boxes. From an order overruling its general demurrer to the complaint the defendant appealed.

For the appellant there was a brief by *Richmond, Jackman, Wilkie & Toebaas* of Madison, and oral argument by *Harold M. Wilkie.*

For the respondent there was a brief by *Kroncke & Sauthoff,* attorneys, and *H. H. Puetz,* of counsel, all of Madison; and the cause was argued orally by *Mr. Puetz.*

VINJE, J.    The allegation in the complaint that "the defendant corporation refused to accept said car of carp after the same was partly loaded, or to pay for the same," negatives a part performance of the contract and that cannot be relied upon to take it out of the statute of frauds.    Do the telegrams themselves without the aid of parol testimony show a completed contract?    The trial court held that "the telegrams of the defendant, the party sought to be charged, clearly disclose that the plaintiff is the seller and the defendant the buyer, that the property is a car of fish belonging to plaintiff which is to be shipped on January 23d, that the price is twelve cents per pound, and that the terms of payment require the immediate deposit of $500."    We cannot concur in the conclusion that the telegrams show the price to be twelve cents per pound.    To reach that conclusion recourse must be had to the parol testimony that the contents of the telegram of January 21st were conveyed to plaintiff, and then the inference would have to be drawn that plaintiff stood firm as to price.    Without that parol link no one can say what terms were agreed upon.    In a negotiation for the sale of an article it does not absolutely follow that an agent invested with authority to pay the asking price of the article

will pay such price. The telegram of January 21st implies further negotiations as to price and there is no writing to disclose the result. For that reason an essential part of the contract, namely, the purchase price, is not in writing and the contract falls within the ban of the statute.

*By the Court.*—Order reversed, and cause remanded with directions to sustain the demurrer.